**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JUAN CARLOS MARTINEZ,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 96-2577

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-691-505)

Submitted: June 12, 1997

Decided: June 23, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

John William O'Leary, JOHN O'LEARY & ASSOCIATES, Wash-
ington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney
General, Civil Division, David M. McConnell, Assistant Director,
James A. Hunolt, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Juan Carlos Martinez petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

Martinez, a native and citizen of El Salvador, entered the United States in May 1993 without inspection by an immigration officer, in violation of 8 U.S.C.A. § 1251(a)(1)(B) (West Supp. 1997). In August 1995, the Immigration and Naturalization Service (INS) issued an order to show cause why he should not be deported. Martinez filed an application for asylum and withholding of deportation. Following a hearing, in which Martinez conceded deportability, the Immigration Judge (IJ) issued a decision denying asylum and withholding of deportation but granting voluntary departure. The Board dismissed Martinez's appeal after concluding that he had not demonstrated that he has been persecuted in El Salvador or that a reasonable person in his position would fear persecution if he returned. Martinez timely petitions this court for review of the Board's order.

Martinez is a twenty-six year old single male. At his deportation hearing, Martinez testified that guerillas came to his home in 1985 in an attempt to recruit him into their organization. He refused the guerillas' offer and did not have any further problems with them since that incident. The military also tried to recruit Martinez eight times since 1987. That year the military took him into custody for several days and physically assaulted him because he was suspected of being a guerilla. In addition, the military told him that he was under an obligation to serve in the army. Martinez left El Salvador in 1993 and fears that he will be drafted into the military if he returns.

The Immigration and Nationality Act (the Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee.

2

8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc). The alien must prove that the fear of persecution "stems directly from one of the five categories listed in the Act." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). If an applicant establishes past persecution, he is presumed to have a well-founded fear of future persecution rebuttable by evidence establishing a change in conditions in the country such that any fear of future persecution is no longer objectively reasonable. 8 C.F.R. § 208.13(b)(1)(i) (1996).

This court must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio, 979 F.2d at 999. The reviewing court can reverse the Board only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We conclude that substantial evidence supports the Board's ruling.

On appeal, Martinez claims that he was persecuted because he faced a relentless, ongoing, systematic pattern of abuse from government and military authority until he was forced to flee the war and the country. He also claims to face a well-founded fear of future persecution. With regard to Martinez's fear of the guerillas, he testified that he has not had any problems with them since 1985. His fear of serving in his country's military does not constitute persecution within the meaning of the Act. See M.A., 899 F.2d at 312. Also, we do not find that the evidence presented by Martinez about the 1987 military incident established persecution. Moreover, as the Board noted, conditions in El Salvador have changed since he left. Finally, Martinez's fear of generalized violence does not entitle him to asylum. This court has held that the asylum statute "does not extend eligibility for asylum to anyone who fears the general danger that inevitably accompanies political ferment and factional strife." Huaman-Cornelio, 979 F.2d at 1000. Martinez has articulated nothing more than a fear of generalized violence affecting the population as a whole.

3

As Martinez has failed to meet the less stringent burden of proof for asylum, he cannot meet the higher standard to qualify for withholding of deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4